1
2
3
4
5
6
7      UNITED STATES DISTRICT COURT
       WESTERN DISTRICT OF WASHINGTON
8              AT SEATTLE

9  UNITED STATES OF AMERICA,       )
                                   )
10             Plaintiff,           )    CASE NO.   CR05-334 RSL
                                   )
11     v.                          )
                                   )
12                                 )    DETENTION ORDER
   RAJINDER SINGH JOHAL            )
13                                 )
               Defendant.          )
14 _____)

15 Offenses charged:

16     Count 1:    Conspiracy to Distribute Cocaine and Marijuana, in violation of
17                 Title 21, U.S.C., Section 841(a)(1), 841(b)(1)(A), 841(b)(1)(B), and
18                 846;
19     Count 2:    Bulk Cash Smuggling, in violation of Title 31, U.S.C., Section
20                 5332(a)(1), and Title 18, U.S.C., Section 2.

21 Date of Detention Hearing: December 14, 2005

22         The Court, having conducted a contested detention hearing pursuant to Title 18
23 U.S.C. § 3142(f), and based upon the factual findings and statement of reasons for detention
24 hereafter set forth, finds that no condition or combination of conditions which the defendant
25 can meet will reasonably assure the appearance of the defendant as required and the safety
26 of any other person and the community.  The Government was represented by Kelly Harris.

DETENTION ORDER
PAGE -1-

1  The defendant was represented by Barry Flegenheimer.

2  FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION

3  (1)  There is probable cause to believe the defendant committed the drug
4       offense. The penalty carries a ten-year mandatory minimum. There is
5       therefore a rebuttable presumption against the defendant's release based
6       upon both dangerousness and flight risk, under Title 18 U.S.C. §
7       3142(e).
8  (2)  Nothing in this record satisfactorily rebuts the presumption against
9       release for several reasons under the Bail Reform Act:
10      (a)  The nature and circumstances of the offense charged, including
11           whether the offense is a crime of violence or involves a narcotic
12           drug. This factor under the statute permits the Court to consider
13           the nature of the offense which in this case involved great
14           quantities of narcotics and their sale and distribution allegedly
15           through the use fo the defendant's legitimate business.
16      (b)  The weight of the evidence. This case was investigated through
17           the use of court authorized wiretaps and search warrants.
18           Consequently the evidence is subject to less interpretation than
19           simply lay witness accounts and circumstantial evidence.
20      (c)  The history and characteristics of the person, including:
21           The person's character, physical and mental condition, family
22           ties, employment, financial resources, length of residence in the
23           community, community ties, past conduct, history relating to drug
24           or alcohol abuse, criminal history, record concerning appearance
25           at court proceedings, and whether at the time of the current
26           offense or arrest, the person was on probation, on parole, on

|     |     |     |
| --- | --- | --- |
| 1   |     | other release pending trial, sentencing, appeal, or completion of |
| 2   |     | sentence of an offense under Federal, State, or local law. |
| 3   |     | This defendant has many ties to the community as reflected in the |
| 4   |     | numbers of people accompanying his family in the courtroom. |
| 5   |     | However, the scale of operation alleged in this case would give |
| 6   |     | rise to many community contacts and many who might be |
| 7   |     | unaware of the illegitimate nature of the alleged crime. |
| 8   | (d) | <u>Risk of danger to the community</u>.  The Court recognizes that |
| 9   |     | criminal enterprise in the sale and distribution of narcotics poses a |
| 10  |     | danger to the community . |
| 11  | (3) | Based upon the foregoing information, it appears that there is no |
| 12  |     | condition or combination of conditions that would reasonably assure |
| 13  |     | future Court appearances and/or the safety of other persons or the |
| 14  |     | community. |

**It is therefore ORDERED**:

(l) The defendant shall be detained pending trial and committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(2) The defendant shall be afforded reasonable opportunity for private consultation with counsel;

(3) On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court

proceeding; and

(4)     The clerk shall direct copies of this order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to the United States Pretrial Services Officer.

DATED this 15th day of December, 2005.

*[signature]*

MONICA J. BENTON
United States Magistrate Judge

DETENTION ORDER
PAGE -4-