UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  vs.<br><br>RAJINDER SINGH JOHAL,<br><br>    Defendant. | Case No.  CR05-334 RSL<br><br>ORDER DENYING MOTION FOR REVIEW OF DETENTION ORDER |

This matter comes before the Court on "Defendant's Motion For Review Of Detention Order" (Dkt. # 64).[1]  On February 13, 2006, the Honorable Monica Benton, United States Magistrate Judge, reaffirmed her December 15, 2005 order to detain defendant.  Judge Benton found that no condition or set of conditions would reasonably assure the appearance of defendant as required and the safety of any other person and the community.

The Court has reviewed the recorded December 14, 2005 arraignment and detention hearing, the recorded February 10, 2006 detention review hearing, defendant's motion for

---

[1] This matter can be decided on the recorded December 14, 2005 detention hearing, the recorded February 10, 2006 detention review hearing, the memoranda submitted by the parties, the exhibits submitted by defendant, the Affidavit of Kasey K. Kanekoa and the remainder of the record.  The Government's request for oral argument is DENIED.

ORDER DENYING MOTION FOR
REVIEW OF DETENTION ORDER - 1

review of the detention order, the Government's opposition to review of the detention order, the Affidavit of Kasey K. Kanekoa and the remainder of the record. It considers *de novo* the detention order issued by Judge Benton. U.S. v. Koenig, 912 F.2d 1190, 1191 (9th Cir. 1990).

The Court will detain defendant prior to trial if it determines "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). Pursuant to 18 U.S.C. § 3142(g), the Court considers four factors when deciding if defendant is a flight risk or a danger to the community: "(1) [t]he nature and circumstances of the offense charged . . . (2) the weight of the evidence against the person; (3) the history and characteristics of the person . . . (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release." A rebuttable presumption that defendant poses a flight risk and a danger to the community arises if the Court finds probable cause to believe that he has committed a drug offense prohibited by the Controlled Substances Act carrying a maximum sentence of ten years or more. 18 U.S.C. § 3142(e).

As Judge Benton correctly concluded, defendant is subject to a 18 U.S.C. § 3142(e) rebuttable presumption. A federal grand jury indicted defendant for conspiring to distribute cocaine and marijuana and for the smuggling of bulk cash. The conspiracy to distribute cocaine and marijuana charge carries a mandatory ten year sentence. Kasey K. Kanekoa's Affidavit outlines a series of court authorized wiretaps recording conversations in which defendant is believed to be organizing the trafficking of cocaine and marijuana. The Affidavit also includes statements made to agents by confidential informants, describing defendant's alleged drug related activity. This evidence demonstrates probable cause that defendant conspired to distribute cocaine and marijuana.

The Court finds that defendant has failed to rebut the presumption in favor of his pre-trial detention. In reaching its decision, the Court placed very little weight on the Government's submission of anonymous letters sent to the Kent Police Department. The extent of defendant's

ORDER DENYING MOTION FOR
REVIEW OF DETENTION ORDER - 2

1 alleged drug activity and his connections to Canada establish that he is a flight risk and a danger
2 to the community.  Law enforcement officials attribute approximately 38 kilograms of seized
3 cocaine and 467 pounds of seized marijuana to the drug-trafficking organization that they
4 believe was headed by defendant.  In addition, defendant has the ability to travel freely to
5 Canada where his brother and co-defendant, Lakhwinder Singh Johal, is currently a fugitive.
6 While defendant appears to have substantial links to the community, they are outweighed by the
7 nature of the charges against him and his ties to Canada.

8      For all of the foregoing reasons, "Defendant's Motion For Review Of Detention Order"
9 (Dkt. #64) is DENIED.

11      DATED this 14th day of March, 2006.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER DENYING MOTION FOR
28 REVIEW OF DETENTION ORDER - 3